Rafael B. Pérez Mercado, Plaintiff and Appellant-Appellee, v. José Picó et al., Defendants and Appellees-Appellants.

No. 8821.   Argued February 15, 1944.—Decided April 12, 1944.

R. B. Pérez Mercadó, in pro per.  Celestino Iriarte, F. Fernández Cuyar and H. González Blanes for appellant-appellee.  R. Díaz Collazo for appellees-appellants.

Mr. Justice Snyder delivered the opinion of the court.

In 1940 Enrique Abarca Sanfeliz took a trip to continental United States.  While he was away, his daughter Inés, her husband, Dr. José Picó, and their child lived in his home.  When Abarca left for the United States, he granted permission to the members of his household, including Dr. and Mrs. Picó, to use his automobile and his chauffeur.  Pursuant to this permission, the Picós on September 4, 1940 ordered the chauffeur to drive them to town on a shopping trip.  While the chauffeur was driving them home from this trip, the defendants noted that it was threatening to rain.  Thereupon they ordered the chauffeur to drive at a high

speed because they were concerned about their child, whom they had left at home. The chauffeur obeyed this order, and as a result the car collided with the car of the plaintiff. The district court found the above-noted facts and concluded that the accident had been caused by the negligent driving of the chauffeur. There is ample testimony in the record to justify this finding, and we shall therefore not disturb it on appeal. The district court nevertheless held that there was no right of recovery under the circumstances herein, and entered judgment for the defendants. The case is here on appeal from that judgment. Counsel for the defendants has filed no brief and did not appear at the oral argument.

▆▆▆ The opinion of the district court contains an extensive discussion of the inapplicability of §17 [1] of the Automobile Law (Act No. 75, Laws of P. R., 1916, §17) to the facts herein. We assume, without deciding, that this Section does not apply to this case in view of the fact that the car belonged to Abarca, and not to the defendants. But what the district court failed to discuss and what we think is decisive of this case is that the proximate cause of the accident was the immediate, direct, and flagrant negligence of the defendants themselves. The district court asserted that "Not even under the liberal doctrine of *respondeat superior* of the American law, can the defendants Picó be held responsible. There was no relationship of employer and employee between the chauffeur Santana and Dr. and Mrs. Picó . . . when he was driving the automobile for the benefit of the Picós, as directed by them, it was not their instructions, but those of Abarca that he was following." But the legal relationship of the chauffeur with the defendants has no bearing on the particular case before us. This case must necessarily be decided in favor of the plaintiff for the sole reason that the Picós themselves personally performed negligent

---

[1] "Section 17.—That the owner of any motor vehicle shall be responsible for damage caused by the negligence of the operator or chauffeur while such owner is in the vehicle."

acts—ordering the chauffeur to drive negligently. They were authorized to use the car and the chauffeur and to give the latter detailed orders on where and how they were to be driven. Under those circumstances, all the discussion of the liability of an owner under our Code and the so-called family purpose doctrine as found in the common law cases is beside the point. This case is exceedingly simple. The defendants were negligent. Their negligence was the proximate cause of injury to the plaintiff. We therefore need look no further than §1802 of the Civil Code to hold the defendants liable to the plaintiff for the damage he has suffered due to their negligence.

The fact that it was the negligent act of the chauffeur rather than of the defendants which finally brought about the accident is not important in this case. What is controlling is that the defendants by their negligent directions set in motion a course of conduct which resulted in injury to the plaintiff. To exculpate the defendants from liability for the damage flowing from their own direct negligence would be equivalent to holding that a defendant could order a third person to shoot a plaintiff and after the order was carried out he could successfully resist a suit for damages therefor on the ground that the revolver which was used did not belong to the defendant and that the aggressor was not technically his employee. If Dr. Picó had been driving Mr. Abarca's car himself, surely he could not be heard to say that he was not responsible for his own negligent driving. By the same token, he cannot take refuge behind the title of Abarca and the permanent status of the chauffeur. The chauffeur, at the time of the accident, was subject to the orders of the defendants; they acted negligently in ordering the chauffeur to speed; as a direct result of their negligence, the car was operated negligently, to the injury of the plaintiff. The case plainly comes within the provisions of §1802 of the Civil Code.[2]

---

[2] See also, Restatement, Torts, Vol. 4, §876, Clause (a) pp. 435–6.

390

■ The testimony of the plaintiff on the issue of damages was not controverted by the defendants. He proved that his car was two months old; that he had paid $1,575 for it; that it had depreciated in the amount of $200 by virtue of the two months' use; and that after the accident it was worth $675. He also proved that he made efforts to have the car repaired, but that because the necessary parts were not available, he was compelled to purchase a new automobile, and was credited with the value of the damaged car—$675—on the purchase price. All these efforts were delayed two months in view of the promise of the defendants, which was not fulfilled, that an insurance company would pay the cost of the repairs. The plaintiff also proved that he was a lawyer and that his practice at that time required him to take numerous trips to Guayama and to Ponce. He therefore was obliged to rent a car at the rate of $10 per day during the sixty-one days he was deprived of the use of his automobile.[3]

The judgment of the district court will be reversed and a new judgment will be entered in favor of the plaintiff for (a) $700 for the damage to his car, (b) $610 for the cost of renting a car for 61 days, and (c) $200 for attorney's fees, in addition to the costs as provided by law.

---

[3] See Adams v. Quintero, 44 P.R.R. 9.